IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Nakala Desirae Jackson,

                Plaintiff,

        -vs-

Ernie L. Moore, et al.,

                Defendants.

Case No. 3:10 CV 1096

MEMORANDUM OPINION
AND ORDER

JUDGE JACK ZOUHARY

*Pro se* Plaintiff Nakala Desirae Jackson filed this action under 42 U.S.C. § 1983 against Ohio Department of Rehabilitation and Correction ("ODRC") Director Ernie Moore, Marion Correctional Institution ("MCI") Warden Maggie Beightler, MCI Unit Manager Kelly Donahue, MCI Lieutenant Troy Tackett, MCI Corrections Officer Kenneth Stratton, and MCI Corrections Officer Wesley Hamilton. Plaintiff alleges the policies and practices of the ODRC and MCI do not adequately address the needs of transgender inmates. He seeks monetary damages.

## BACKGROUND

Jackson is a transgender inmate incarcerated at MCI.[1] He claims, without explanation, ODRC policies do not protect transgender prisoners from discrimination, slander, verbal abuse, defamation of character, intimidation, negligence, sexual harassment, denial of medication, or retaliation. He brings these claims against Director Moore and Warden Beightler. He also contends Beightler failed to address his grievances against staff members, and gave preferential treatment to heterosexual male

---

[1]

The ODRC classified Jackson as a male inmate. The Court will therefore refer to Plaintiff using masculine pronouns.

inmates.  He claims Tackett was verbally abusive to him and falsely accused him of being intimately involved with another inmate.  He states this allegation originated from a rumor circulating among the prisoners.  He alleges he was permitted to shower alone due to his physical characteristics but was limited by Donahue to one private shower per day.  He claims other inmates were permitted to shower more frequently.  Plaintiff also alleges Donahue provided preferential treatment to inmates with masculine characteristics.  Plaintiff contends Stratton called him "Ms. Double D's" and Hamilton harassed him for wearing a bra.  He claims Hamilton wrote a conduct report based on false information, attempted to transfer him out of the unit and gave preferential treatment to other inmates.

Plaintiff lists multiple causes of action for each Defendant.  The Court construes Plaintiff's assertions of verbal abuse, mental anguish, and intimidation as claims for violations of the Eighth Amendment.  Similarly, Plaintiff's claims for sexual harassment and discrimination are construed as arising under the Fourteenth Amendment Equal Protection Clause.  He also includes claims for retaliation under the First Amendment and state law claims for slander, defamation, and negligence.

## ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or it seeks monetary relief against a defendant who is immune from such relief.  *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).  For the reasons stated below, this action is dismissed pursuant to Section 1915(e).

### Claims Against Moore and Beightler

Plaintiff does not indicate whether he is bringing his claims against Moore and Beightler in their official capacities, as the ODRC Director and the MCI Warden, or against them personally in

2

their individual capacities.  To the extent he is bringing claims against them in their official capacities

for damages, his claims must be dismissed.  An action for damages against a state officer in his or her

official capacity is the equivalent of a damages action against the state.  *Will v. Michigan Dep't of

State Police*, 491 U.S. 58, 71 (1989). Consequently, claims against Moore and Beightler in their

official capacities are claims against the State of Ohio.  *Id.*  The Eleventh Amendment bars damages

actions against the state.  *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir.

2005).

     Claims against Moore and Beightler in their individual capacities must also be dismissed.

Plaintiff cannot hold any Defendant liable absent a clear showing that the Defendant was personally

involved in the activities which form the basis of the alleged unconstitutional behavior.  *See Rizzo v.

Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381, *3 (6th

Cir. Sept. 20, 1995).  Jackson lists multiple causes of action against these Defendants, but does not

allege any facts to explain how these Defendants may have violated his rights.  The Complaint simply

contains no facts which reasonably associate these Defendants to any of the claims set forth by

Plaintiff.

     Plaintiff seeks to hold Moore and Beightler liable for policies and practices of ODRC

employees. Supervisors cannot be held liable under Section 1983 for the actions of employees where

the allegation of liability is based upon a mere failure to act.  *Bass v. Robinson*, 167 F.3d 1041, 1048

(6th Cir.1999).  They must do more than play a passive role in the alleged violations or give tacit

approval of the actions of employees.  *Id.*  Instead, to be personally liable for damages, these

supervisors must actively engage in unconstitutional behavior.  *Id.*  At a minimum, Plaintiff must

allege facts to show Moore and Beightler encouraged or condoned the actions of their employees.

3

*Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Jackson does not identify any specific policies developed by these Defendants, and does not allege any facts to suggest how Moore or Beightler participated in the alleged violations of his rights. The claims against these Defendants are stated as legal conclusions. Legal conclusions alone, without facts to support them, are not sufficient to present a valid claim. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Jackson has not stated a claim upon which relief can be granted against Moore or Beightler.

**Eighth Amendment**

Plaintiff also asserts claims against Tackett, Donahue, Stratton, and Hamilton which this Court construes under the Eighth Amendment. These claims can be divided into two categories: those which (1) allege verbal abuse and (2) contest the policy of one shower per day. Plaintiff alleges three incidents of verbal abuse. First, he states Tackett accused him of being in a relationship with another inmate based on a rumor circulating in the prison. Second, he contends Stratton referred to him as "Ms. Double D." Last, he indicates Hamilton harassed him for wearing a bra, and verbally retaliated against him when reprimanded by a supervisor. An Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). It protects prisoners against conditions of confinement which constitute health threats, but not against those which cause mere discomfort or inconvenience. *Id*. at 9-10. An extreme or grave deprivation is required. *Id.* at 9. Verbal abuse and harassment, alone, cannot state an Eighth Amendment claim. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987); *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004). Plaintiff's allegations against Tackett, Stratton, and Hamilton do not trigger Eighth Amendment scrutiny.

4

Plaintiff also alleges Donahue permitted him only one private shower per day.  Plaintiff states he developed body odor and skin irritations.  Again, the Eighth Amendment is triggered only by deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement.  *Hudson*, 503 U.S. at 9.  Prisoners "cannot expect the amenities, conveniences and services of a good hotel."  *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988).  While Plaintiff would prefer to be offered more than one private shower per day, the limitation is merely a discomfort, and not the type of extreme deprivation that can be described as cruel and unusual punishment.

### Equal Protection

In addition, Plaintiff includes two claims which the Court construes under the Equal Protection Clause of the Fourteenth Amendment.  He includes general claims that Beightler, Hamilton and Donahue gave preferential treatment to inmates who appear to be masculine.  He also claims Donahue limited him to one private shower per day, while other inmates were permitted more frequent showers.  In making an equal protection challenge, Plaintiff bears the initial burden of demonstrating a discrimination of some type has occurred against him which has not occurred against other individuals who are in the same situation.  *City of Cleburne,Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Clements v. Fashing*, 457 U.S. 957, 967 (1982).  Plaintiff has not met this burden.

The general claims asserted against Beightler, Hamilton and Donahue do not contain sufficient factual allegations to suggest discrimination has taken place.  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing the plaintiff is entitled to relief.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Rule 8 does not require

the plaintiff to provide detailed factual allegations, but it does require more than a simple accusation that the defendant is liable. *Id.* A complaint offering only legal conclusions or a simple list of the elements of a cause of action will not meet this pleading standard *Id.* It must contain some basic factual allegations to give the defendant some notice of the nature of the claims asserted against him. *Id.* In this case, Plaintiff does not include any facts to explain his assertions of preferential treatment. These claims do not meet the minimal pleading requirements of Rule 8.

In addition, Plaintiff contends Donahue limited him to one private shower per day, while other inmates were permitted more frequent showers. This also fails to state a claim upon which relief may be granted. Plaintiff must first demonstrate he was denied a benefit given to other inmates who were in the same situation. *City of Cleburne*, 473 U.S. at 439; *Clements*, 457 U.S. at 967. He states he is permitted to shower alone because his physical characteristics make him more vulnerable to attacks. Because he is given private shower time, he is limited to one shower per day. He alleges other inmates are not restricted to one shower per day, but he does not allege they are similarly at risk for assault or that they are allotted private shower time. Plaintiff does not allege facts suggesting he was denied equal protection under the Fourteenth Amendment.

**Retaliation**

Plaintiff states, without explanation, that Moore, Beightler, and Donahue retaliated against him. He alleges he filed grievances against Hamilton which caused him to be reprimanded by his supervisor. Plaintiff contends Hamilton verbally retaliated against him. To state a claim for retaliation, Plaintiff must establish: (1) he engaged in conduct protected by the Constitution; (2) an adverse action was taken against him that would discourage an ordinary person from continuing to engage in that conduct; and (3) a causal connection exists between the first two elements. *Thaddeus-*

6

*X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).  An inmate has a First Amendment right to file

grievances against prison officials. *See Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996).  To state

a claim for a constitutional violation, Plaintiff must also allege Defendant's response to his grievance

was sufficiently harmful to discourage an ordinary person from continuing to file grievances.

*Thaddeus-X*, 175 F.3d at 394.  In this instance, Plaintiff does not provide any facts to describe

Hamilton's response except to state that it was verbal.  He provides no information to support his

claims against Moore, Beightler, and Donahue.  As written, Plaintiff's Complaint does not state a

claim for retaliation.

### State Law Claims

Finally, Plaintiff's claims for slander, defamation, and negligence are matters of state tort law.

The United States District Court has supplemental jurisdiction to consider state law claims when

those claims and federal law claims come from the same operative facts and when considerations of

judicial economy dictate having a single trial.  28 U.S.C. § 1367; *United Mine Workers of America*

*v. Gibbs*, 383 U.S. 715, 724 (1966).  The Court, however, may exercise discretion in hearing state law

matters.  *Id.* at 726.  In cases where the federal law claims are dismissed before trial, the state law

claims should also be dismissed.  *Id.*  Having dismissed Plaintiff's federal law claims, this Court

declines jurisdiction to hear Plaintiff's claims for slander, defamation, and negligence.

### CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  This Court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

        s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

September 24, 2010

7